LA MOTT THOMPSON *v.* LAURA S. TAYLOR, EXECUTRIX, ETC., OF JAMES B. TAYLOR, DECEASED.

IN THE MATTER OF THE CLAIM OF ORSAMUS B. MATTESON, FOR SERVICES ON SALE OF THE TIMES STOCK, AND AS ATTORNEY FOR THE RECEIVER, AND FOR INTEREST ON INTEREST PAID FOR RENEWING NOTE OF SAID TAYLOR.

*Appeal from order — only one appeal therefrom, or from part thereof allowed — Additional affidavits — cannot be read upon appeal.*

By an order of the Special Term, made upon an application for the confirmation of the report of a referee, two claims presented by one M. to the referee, and allowed by him, were disallowed. M. appealed from so much of the order as disallowed one of the said claims. Subsequently and after the decision of the said appeal, he brought this appeal from the portion of the order disallowing the second claim.

*Held,* that his right to appeal from the order was exhausted by the first appeal; and that the second appeal could not be maintained.

Affidavits, made after the making of an order at the Special Term, cannot be read upon the hearing at the General Term, even although all the parties to the appeal consent thereto.

APPEAL by Orsamus B. Matteson from an order of the Oneida Special Term.

*John D. Kernan,* for the appellant Matteson.

*Ward Hunt, Jr.,* for Levy, trustee of Day.

*Thomas S. Jones,* for H. W. Bentley, receiver.

SMITH, J.:

It appears from the papers submitted on this appeal, that at a Special Term held in Herkimer county, by Mr. Justice HARDIN, 22d February, 1876, an order was made in this action, continuing the receiver theretofore appointed, of the personal estate of said James B. Taylor, deceased, and appointing a referee to take an account and report what sum was due and unpaid to the plaintiff, and to each of the other creditors of the said deceased, who should come in, etc. The referee acted under the order and made his report, which the plaintiff moved to confirm, at a Special Term in Oneida,

before Mr. Justice MERWIN. The court made an order confirming said report in part, but disallowing certain claims that had been presented by the appellant Matteson, to the referee, and by him allowed. One of said claims was for " services on sale of the Times stock, and as attorney for the receiver, and for interest on interest paid for renewing notes of Taylor." The other was for " money paid and liability incurred in attempting to collect the notes of James B. Taylor, and by him indorsed, for his accommodation." This appeal is from that part of the order of the Special Term, which disallowed the first of the claims above stated.

Previously to bringing the present appeal, the claimant appealed from that part of the order of the Special Term, which disallowed the second claim above mentioned. That appeal was taken in September, 1876, and was argued before us at the last April term, and decided in June.

The time when the present appeal was brought does not appear. The notice of appeal contained in the printed case has no date. The certificate of the clerk, appended to his transcript of the record, is dated 20th September, 1877. The appeal is submitted to us upon what purports to be the evidence taken before the referee, and on which the Special Term acted, and in addition thereto, upon certain affidavits made since the order of the Special Term, and which were used, as is stated in the brief of the appellant's counsel, upon a subsequent application to modify that order. The brief also states that it is consented that the affidavits referred to may be used as a part of the testimony, and that this court may make additional findings based thereon.

Upon this state of facts, we think that the portion of the order now appealed from should be affirmed on several grounds :

1. We are of the opinion that the claimant's right to appeal from the order of the Special Term was exhausted by his first appeal. He then had an opportunity to appeal from the entire order, or so much of it as he was dissatisfied with, and he should then have availed himself of it. A piecemeal appeal from an order or judgment will not be allowed. The like objections exist to it as to the breaking up of a single cause of action, and bringing a separate suit upon each fragment. Even if all the parties consent to it, the court should refuse to sanction the practice, in order to prevent the wast-

ing of estates, in cases like this, in unnecessary litigation, as well as to relieve the calendars from appeals unnecessarily multiplied.

2. The counsel for the respective parties seem to have supposed that their consent would have the effect to bring before the court the affidavits made since the hearing at Special Term, and to call into exercise not only the appellate jurisdiction of the court, which is properly invoked by the appeal, but also a sort of original jurisdiction to be employed in sifting the affidavits and finding what facts they tend to establish. That is a misapprehension. On the hearing of appeals, the court will exercise only a strictly appellate jurisdiction, unless otherwise provided by statute. Appeals are to be heard on the same papers as were used below. Such was the rule in the late Court of Chancery, in this State, on an appeal from the decree of a vice-chancellor. (*Mitchell* v. *Lenox*, 14 Wend., 662; *Wendell* v. *Lewis*, 6 Paige, 233; *Studwell* v. *Palmer*, 5 id., 166; *Bloodgood* v. *Clark*, 4 id., 574.) The rule was the same in the court for the correction of errors, with respect to appeals from the chancellor. (*Deas* v. *Thorne*, 3 Johns. R., 543.) We cannot, therefore, consider the affidavits; aside from them, we think the evidence furnishes no ground for reversing the decision of the judge at Special Term, upon the questions involved in this appeal. We are of the opinion that the evidence which was before him, warranted the conclusion stated in his opinion, that the claimant was a volunteer, acting largely for his own interest as a creditor of the estate, and without such an employment from the receiver as gave him a legal claim on the estate for his services, and that the claim was properly disallowed on that ground.

3. While we do not entertain the affidavits, we have looked into them sufficiently to see that an adherence to the salutary rules above laid down, does no injustice to the appellant. The affidavits on his part are cumulative mainly, and are met and controverted to a great extent by that of the receiver; while they amplify the claimant's case, and present it more in detail than did the evidence taken before the referee, they do not materially vary it.

That part of the order appealed from should be affirmed, with costs to the respondent Levy, or his attorney.

MULLIN, P. J., and TALCOTT, J., concurred.

Ordered accordingly.